CHARLES H. REYNOLDS, Respondent, *v.* ALFRED VAN BEUREN et al., Appellants.

1. NEGLIGENCE — PERSONAL INJURY FROM FALLING SIGNBOARD — NON-LIABILITY OF ADVERTISER. A mere advertiser who, for a compensation, obtains permission from the tenant of a building to use, for a limited time, for the display of printed advertisements, a signboard upon the roof, not erected or maintained by him and which he has no right or power to change, cannot be held liable for the result of personal injuries, when the signboard is blown down into the street by the wind and it is not shown that its mere use had any connection with the accident as the moving cause.

2. CONTRACTUAL LIABILITY NOT ENFORCEABLE BY STRANGER. Even if a written license, given by the tenant in possession of a building, to an advertiser, to use a signboard then on the roof, not erected or removable by the advertiser, is open to the construction of constituting a lease of 'the roof, with a covenant on the part of the advertiser to the tenant of the building to keep the roof and the structure thereon in repair, a stranger to such contract cannot maintain an action for damages against the advertiser upon his contractual liability.

*Reynolds* v. *Van Beuren,* 10 Misc. Rep. 703, reversed.

(Argued January 21, 1898; decided March 1, 1898.)

APPEAL from a judgment of the General Term of the late Court of Common Pleas for the city and county of New York, entered January 14, 1895, affirming a judgment in favor of plaintiff entered upon a verdict, and also affirming an order denying a motion for a new trial.

This action was brought to recover damages for a personal injury alleged to have been caused by the negligence of the defendants.

The facts, so far as material, are stated in the opinion.

*Thomas J. O'Neill* for appellants. The defendants were merely the owners of the license or privilege to post advertisements on this signboard and were not chargeable in law with the duty of maintaining it in repair. (McAdam on Landl. & Ten. [2d ed.] 51; *Taylor* v. *Caldwell,* 3 B. & S. 826; Wood on Landl. & Ten. 348, § 227; *Rickerson* v. *H.*

*F. Ins. Co.*, 149 N. Y. 307.)   The evidence failed to establish any negligence on the part of the defendants. (*Martin* v. *Pettit*, 117 N. Y. 118; *Nolan* v. *King*, 97 N. Y. 565; *Cottrell* v. *Deming*, 1 N. Y. S. R. 304; *Salisbury* v. *Herchenroder*, 106 Mass. 418.)

*Nelson Zabriskie* for respondent.   The falling of the sign into a public street is *prima facie* evidence of negligence. (*Volkmar* v. *M. R. Co.*, 134 N. Y. 418; *Hogan* v. *M. R. Co.*, 149 N. Y. 23; *Cahalin* v. *Cochran*, 1 N. Y. S. R. 583; *Seybolt* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 562; *Vincett* v. *Cook*, 4 Hun, 318; *Millie* v. *M. R. Co.*, 5 Misc. Rep. 301; 10 Misc. Rep. 734; *Guldseth* v. *Carlin*, 19 App. Div. 588; *Morris* v. *Strobel & W. Co.*, 81 Hun, 1; *Anderson* v. *M. R. Co.*, 49 N. Y. S. R. 233.)   The tenant is *prima facie* and primarily liable to the plaintiff. (*Ahern* v. *Steele*, 115 N. Y. 203.)   The damages allowed are reasonable. (*Maher* v. *C. P., N. & E. R. R. R. Co.*, 67 N. Y. 52; *S. Oil Co.* v. *A. Ins. Co.*, 79 N. Y. 506; *Anderson* v. *M. R. Co.*, 49 N. Y. S. R. 233.)

O'Brien, J.   On the 26th of September, 1892, the plaintiff was quite severely injured by the falling of a large sign from a building in the city of New York.   The immediate cause of the accident, according to the contention of the defendants, was a very strong wind which prevailed during that day and which blew the sign from the roof of the building where it had been placed, into the street where the plaintiff was passing.   The sign is described as a light wooden structure covered with light galvanized iron and about twenty-three feet long and nine feet high.   It was fastened to the roof of the building by four wooden braces, two at each end and two in the middle, attached to the sign and bolted to the joists and timbers of the roof.   It was used by the defendants to display handbills for advertising purposes.   The jury was justified in finding from the evidence that it was not so placed upon the roof of the building as to be entirely safe and secure against

the force of high winds, and there were no air holes in it to break the pressure put upon it at such times. The extent of the injury and the damages were also questions for the jury. The plaintiff recovered at the trial and the judgment was affirmed at the Appellate Division.

The only question that the appeal presents is the legal responsibility of the defendants for the result of the accident. It appears that the defendants were an advertising firm using the sign at the time for the purpose of displaying printed advertisements before the public. They were not either the owners or the tenants of the building upon which the sign had been fastened or placed and they did not erect or cause it to be erected. If it had been shown that they owned or were in possession or in charge of the building or that they had erected the structure which caused the injury, then a duty or obligation to the public would arise, for a default in the performance of which negligence might be imputed to the defendants. But, so far as appears, the only connection that the defendants had with the sign was through or under the following paper executed to them by the tenant in possession of the whole building under a lease from the owners in fee:

" New York, *July 4th,* 1892.

" Memorandum of agreement made and entered into this 15th day of June, by and between Lemuel L. Williams, 1277 Broadway, party of the first part, and A. Van Beuren & Co., party of the second part;

" *Witnesseth,* That for and in consideration of sixteen dollars per month, payable monthly in advance, the party of the first part leases unto the party of the second part roof of building to be used for advertising purposes, situated No. 1277 Broadway, in the city of New York, for the term of 3 years from date.

" We agree to keep roof in repair in front of and rear of advertising privilege from coping to scuttle hole.

" It is agreed that, if the said property is sold or improved upon, the parties of the second part will vacate by the party of the first part giving parties of the second part thirty days

notice and allowing them to remove all improvements made by them, and refunding the rent *pro rata* for the unexpired term for which the said roof is leased.

"LEMUEL L. WILLIAMS."

While this paper is called a lease it is manifestly nothing more than a mere license by the tenant in possession to the defendants to go upon the roof of the building and place advertisements upon the sign. It conveys no estate or interest whatever in the realty and no possession or right of possession to the building or any part of it. The complete possession of the building and all of its appurtenances remained, notwithstanding this paper, in Williams, the tenant. The sign had been erected and placed upon the building long before the defendants acquired through this paper the right or privilege of using it for advertising purposes. They found it on the building and acquired from the tenant the right to use it for a stipulated compensation. The defendants did not even own the sign and had no right to remove it. As between them and the tenant it was a fixture or part of the realty that belonged to the latter. It was to the tenant a source of revenue, and when the defendants' right to use it expired they could not take it away. So far as appears it was precisely the same as if the defendants had bargained with the tenant for the right to place posters upon the walls, or any other part of the exterior of the building, for a compensation. It is said that the defendants were bound by the paper which they received from the tenant to keep the roof in repair. It will be seen that it is not signed by the defendants, and they are liable upon the stipulations only because they accepted it and acted upon it. Conceding that the word "we" in the paper refers to the defendants and not the tenant, still it cannot fairly be claimed that the obligation to repair the roof which might be injured by walking upon it carried with it the obligation to keep in repair the sign or other structure that might be erected upon the roof.

The case was tried upon the theory that the defendants were lessees of part of the building, namely, the roof, and

bound to keep it in repair, including all structures on the roof. It is said that the pleadings admit these facts, and, therefore, the defendants are liable. But we think that when the defendants' answer is fairly construed it admits nothing more than what appears upon the face of the paper referred to. That simply means that since the defendants had the right to go upon the roof to post bills upon the sign the tenant bound them to protect him from the danger of leakage by keeping the roof in proper repair. It would be giving to the paper a construction not contemplated by the parties to hold that the defendants agreed not only to keep the roof in repair but the sign as well. Moreover, the stipulation to repair the roof does not apply to the whole roof, but only to that part of it that the defendants had to use when placing the bills upon the sign.

It is apparent, therefore, that the defendants' liability must be sustained, if at all, upon what must be conceded to be a very close and doubtful construction of the written license granted to them by the tenant in possession to use the sign for a limited time for a specified purpose. The plaintiff's action is based upon negligence, or some misconduct or breach of duty, in creating or maintaining a nuisance. It cannot be predicated upon the breach of some contract between the defendants and a third party, since the plaintiff was not acting under the contract or asserting any right under it. The defendants made no contract with the plaintiff or the public. Whatever contractual obligations they had assumed were with Williams, the tenant, or some one standing in his place. The plaintiff was a stranger to the contract, and cannot maintain an action for a breach of it by the defendants. They cannot be required to answer for any breach of contract to parties other than the one with whom they contracted or who represent him. They cannot be held to pay damages for an injury resulting from a nuisance which they did not create or maintain, and had no power or right to remove. They cannot be held liable for negligence unless they had such an interest in or charge of the building as to impose upon them some

duty to the public or the plaintiff as a traveler in the street.
The principle upon which actions of this character are sus-
tained is well settled.  The liability is not contractual, but
based upon some breach of duty.  It must be shown that the
defendant has done, or omitted to do, some act which, from his
legal relations to the property, constituted a breach of duty to
the public or the injured party.

In *Timlin* v. *Standard Oil Co.* (126 N. Y. 514) it was
held that where the owner of premises knows, or by the exer-
cise of reasonable care can ascertain, that they have upon them
a nuisance, dangerous to the public or an adjoining owner, it
is his duty to abate it before leasing the property.  If he
leases without doing this he is liable to respond in damages to
any one injured in consequence of the nuisance, though he
did not create it.  It was further held that the same liability
rests upon a tenant who sublets the premises, knowing or
being chargeable with knowledge of the existence of the
nuisance.

It is clear, I think, that the defendants were not shown to
be so connected with the ownership or use of the building
from which the sign in question fell, as to make them liable
upon the principle there stated.  The plaintiff joined in this
action as defendants the owners of the building, but for some
reason consented that the complaint be dismissed as to them,
and the tenant was not sued at all.

In *Sterger* v. *Van Sicklen* (132 N. Y. 499) it was held that
the covenant of a landlord to make repairs to premises does
not inure to the benefit of a stranger sustaining an injury
because of its breach.

In *Odell* v. *Solomon* (99 N. Y. 635) the owner and the
tenant of a building were sued jointly for damages resulting
to the plaintiff in consequence of the falling of a window
sash upon her while passing along the street.  The lease con-
tained a covenant binding the tenant to keep the premises in
good condition and repair.  The complaint was dismissed as
against the owner or landlord, but a recovery was had against
the tenant, who appealed to this court.  The judgment against

the tenant was reversed, and the principles upon which a party holding premises under such circumstances becomes liable to the public, or a traveler in the street, were thus stated by the court in the opinion :

" The plaintiff's recovery in this case cannot be sustained, on the ground that the appellants failed to perform their covenant with the landlords, to keep the premises in question in repair. Such a covenant does not inure to the benefit of a stranger who sustains an injury in consequence of its breach, but can be enforced only by the covenantee or his assigns ; and their right to recover depends upon different principles from those which govern in an action by a stranger. The covenantor might be liable to the covenantee for the breach of a covenant to repair, even though the breach were innocently committed without any negligence, and even without any knowledge or means of knowledge that the premises were out of repair, for he contracts absolutely that he will keep them in repair, and assumes the responsibility of so doing ; but he owes no such duty to a stranger to the covenant. A lessee occupying real estate may become liable to a stranger by negligently suffering the demised premises to become dangerous. This liability is independent of any contract between the lessor and lessee. It results from the fact that the lessee is in possession and has the control of the premises, and for that reason he is liable, if, by negligently permitting them to become dilapidated and unsafe, third persons are injured. The foundation of his liability is culpable negligence."

In *Clancy* v. *Byrne* (56 N. Y. 129) the defendant was sued for an injury to the plaintiff's property resulting from a defective or dangerous pier which defendant had leased from the owner and covenanted to keep in repair. The defendant, though the tenant or lessee of the pier, had never occupied it, but sublet to a third party.

The plaintiff recovered on the ground that the defendant, by his lease, had agreed to keep the premises in repair, but this court reversed the judgment, and the statement of the law

on the point by Judge FOLGER would seem to be applicable to this case, even if the written agreement between the defendant and the tenant in possession is open to the construction which the plaintiff seeks to put upon it.    The learned judge, after noticing the fact that the case was sent to the jury on the ground that the defendant was liable if he failed to keep his covenant with the landlord to keep the premises in repair, said : " This is an erroneous view of the law of the case. \* \* \* The covenant is from the defendant to his landlord, and to no one else.    The plaintiff has, under the facts of this case, no privity in it, nor any legal right or interest in it; he is not a party to it, nor was it made avowedly for his benefit. \* \* \* This is not an action upon the covenant of the defendant; it is expressly put by the complaint upon the duty of the defendant, as the possessor of the pier, to keep it in repair.    If it were an action upon the covenant, it could not be maintained.    The plaintiff is not a party thereto nor in privity therewith, nor can this action be maintained as one of tort, founded upon a breach of the covenant.    Doubtless, where a covenant creates a duty, a neglect to perform that duty is a ground of action for tort.    But whenever a wrong is founded upon a breach of contract, the plaintiff suing in respect thereof must be a party or privy to the contract ; else, he fails to establish a duty towards himself on the part of the defendant, and fails to show any wrong done to himself."

In the case at bar the judgment must rest upon the same ground that the case was sent to the jury, and that was the contractual liability of the defendants as disclosed by the paper delivered to them by the tenant.    The plaintiff is a stranger to the agreement, whatever it may be held to mean.    He is not a party or privy to it, and if it be shown that the defendants failed to perform their agreement with the tenant, that does not prove that they have done any wrong to the plaintiff.

Upon the facts disclosed by the record it would seem to be clear that the plaintiff is in pursuit of the wrong party.    It cannot be that mere advertisers who, for a compensation, obtain permission from the owner or the tenant to use a

building, a fence, a telegraph pole or physical objects of like character for their business, can be made liable for the result of personal injuries when such objects are blown down by the wind and where it is not shown that the mere use has any connection with the accident as the moving cause. A person who places a dangerous object upon a building or who maintains it there, having the right or power to change or remove it, may be liable, but there is nothing in the record to show that these defendants were connected in any such way with the cause of the accident.

It has become quite common for advertisers to place cards in railroad cars, sometimes inclosed in frames and covered with glass. In cities a considerable revenue is derived by the company from such sources, but no one, it seems to me, would suppose that if one of these objects should fall and injure a passenger the advertiser could be held responsible. The case at bar differs from the cases I have supposed only in degree and not in the principle upon which liability is based. There are burdens and duties imposed upon the owner of property or buildings in a great city for the safety and protection of his neighbors and the public, but these duties do not rest upon every one who makes use in some remote way of the property. They generally rest upon the owner and frequently upon the tenant or party in possession. The foundation of the duty is the possession and right to manage and control the property. It would be manifestly unjust to impose such a duty upon parties who have no possession and no dominion over it.

It seems to us that the facts disclosed by the record in this case do not show that the defendants were guilty of any breach of duty or any neglect of which the plaintiff has any right to complain.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except GRAY, J., absent, and HAIGHT, J., dissenting.

Judgment reversed.