Harriet May, Respondent, v. Thomas Ennis, Appellant.

*Lease of a hotel — liability of the landlord for injury to one using a defective exterior platform connected therewith, where he covenants in the lease to repair it.*

A lease of a hotel requiring the landlord to keep the " exterior " and the tenant the " interior " of the hotel buildings in repair, imposes upon the landlord the duty of keeping in repair a partly covered wooden platform or sidewalk running from the outer wall of the hotel building to a railroad platform, constructed prior to the lease of the hotel, and used for the purpose of furnishing access to and egress from the hotel, and also as a refreshment pavilion or veranda in connection therewith.

A person intending to become a guest of the hotel, who sustains injuries because of the failure of the landlord to keep the platform in repair, may recover damages for such injuries from the landlord on the ground of negligence.

Such an action is not based upon the breach of the covenant to repair contained in the lease, but upon the landlord's failure to perform the legal obligation which rested upon him prior to the execution of the lease, of maintaining the platform (which, to the extent of the making of repairs thereon, might be considered as not demised) in a reasonably safe condition, which legal obligation was kept in force by the covenant contained in the lease.

Appeal by the defendant, Thomas Ennis, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 19th day of February, 1902, upon the verdict of a jury for $1,000, and also from an order entered in said clerk's office on the 24th day of February, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Frank Harvey Field,* for the appellant.

*John McG. Goodale,* for the respondent.

Hirschberg, J. :

The plaintiff has recovered a judgment for personal injuries which she sustained on August 17, 1900, and which are charged in

the complaint to the defendant's negligence. The defendant was the owner of premises used as a summer hotel and pavilion at the beach resort known as Hammels Station on the Rockaway Beach road, but which at the time of the accident were in the occupancy of Charles M. Miller & Co. under a written lease made with the defendant and executed April 7, 1900. The premises as constructed and leased had a wooden platform or sidewalk running from the outer wall of the hotel building to the railroad platform, on a level with the latter and not distinguishable from it in appearance. This wooden structure was constructed and used for the purpose of furnishing access to and egress from the hotel, and was also furnished with chairs and tables and used by the patrons of the establishment as a refreshment pavilion or veranda in connection with the hotel. About ten feet of the structure nearest to the hotel was covered and the rest was uncovered. On the occasion in question the plaintiff, having purchased a ticket for Brooklyn at the railroad station, sought to enter the hotel in order to obtain some refreshment before starting, and while crossing the hotel platform or sidewalk for that purpose her leg broke through a rotten board and she received the injuries in question. There was evidence to justify the conclusion that the board was very much decayed; that its condition would be apparent upon the surface; that the defendant had been notified that the platform was in bad condition and needed repairs; that he agreed but neglected to put it in good repair, and that it was in a defective condition at the time the lease was made.

There is no serious contention on the part of the appellant that he would not be liable under the circumstances had he retained possession of the property, but the claim is urged that the leasing of the premises operated to charge the tenants with the duty of repairing, and that they alone are, therefore, answerable for negligence in permitting the continuance of a condition of dangerous decay. The lease, however, contains this provision: " It is further agreed that the party of the first part (the landlord) is to keep the *exterior* of the buildings aforesaid in complete repair, including kitchen range and plumbing, excepting through causes arising from freezing, which the party of the second part (the tenants) will be responsible for, and they will also keep the *interior* of all the

buildings in as good order as reasonable wear and tear will permit, and do their own improvements such as painting, papering and decorating." The learned trial justice ruled that on its face this provision did not require the defendant to keep the platform in repair, but he admitted evidence of the transactions between the parties in relation to the matter during the existence of the tenancy for the purpose of showing their practical interpretation, and submitted to the jury the question whether the covenant on the landlord's part related to the platform. The evidence admitted was proper for other purposes; for example, for the purpose of showing knowledge on the defendant's part of the dangerous condition of the platform, and, as in my opinion the defendant as matter of law agreed under this provision of the lease to repair the platform, no injury has been done to him by the submission of the question to the jury.

It may be fairly said that the covenant relates to all of the buildings or structures which would naturally require repairs. The parties divided the duty between them by the use of the words "exterior" and "interior." The landlord agreed to repair the former and the tenants the latter. It cannot be said that this platform, partially roofed but all open to the air, is any part of the interior of the buildings, and it must, therefore, be embraced within the meaning of the word "exterior" as used by the parties. It was attached to the hotel and a part of it, and being built upon the soil might well be considered as included in the expression "buildings" taken even in a restricted sense, but in view of the beneficial purposes to be accomplished, it cannot be doubted that the necessity of keeping the platform in good repair was contemplated and provided for and that the word was used in the broadest sense so as to cover all the structures which were leased.

The action is not for nuisance but for negligence, and the appellant contends that even if the landlord has covenanted to repair the platform, the agreement does not inure to the benefit of a stranger, and that no action will lie in tort for the breach of the contract. There can be no doubt that the plaintiff cannot maintain the action upon the contract or for its breach. The question was recently considered by this court in *Frank* v. *Mandel* (76 App. Div. 413), and the conclusion reached that an action for negligence would only

lie for the failure to perform a duty imposed by law. In that case the accident occurred in a rented room ; the action was brought in terms to recover for breach of the contract, no other negligence being alleged than such breach, and it was held that a demurrer to the complaint should be sustained. The cases need not be again reviewed. The general principle is stated by Judge O'BRIEN in *Reynolds* v. *Van Beuren* (155 N. Y. 120, 124) as follows : " The plaintiff's action is based upon negligence, or some misconduct or breach of duty, in creating or maintaining a nuisance. It cannot be predicated upon the breach of some contract between the defendants and a third party, since the plaintiff was not acting under the contract or asserting any right under it. The defendants made no contract with the plaintiff or the public. Whatever contractual obligations they had assumed were with Williams, the tenant, or some one standing in his place. The plaintiff was a stranger to the contract, and cannot maintain an action for a breach of it by the defendants. They cannot be required to answer for any breach of contract to parties other than the one with whom they contracted or who represent him. They cannot be held to pay damages for an injury resulting from a nuisance which they did not create or maintain, and had no power or right to remove. They cannot be held liable for negligence unless they had such an interest in or charge of the building as to impose upon them some duty to the public or the plaintiff as a traveler in the street. The principle upon which actions of this character are sustained is well settled. The liability is not contractual, but based upon some breach of duty. It must be shown that the defendant has done, or omitted to do, some act which, from his legal relations to the property, constituted a breach of duty to the public or the injured party."

The action in this case, however, is not based upon the covenant in the lease by which the defendant bound himself to repair the portion of the premises in question, nor is it an action in any sense for a breach of the contract. The defendant's liability is antecedent to the lease and was assumed when he erected the sidewalk for the use of the patrons of his public house. The law imposed upon him some duty of care at that time, at least the duty of so constructing the walk in the first instance, and of afterwards maintaining it, that it should be reasonably safe for the use of those who were impliedly

invited to use it, and the performance of that duty is altogether aside from any contractual obligation. It attaches to the defendant because he is the owner of the property, and conceding, but without deciding, that he would be relieved from liability if he leased the property to a tenant who under the law or the contract would be charged with the duty of repair, he certainly is not relieved from the legal duty when in the lease he expressly agrees to make the repairs himself. The obligation as to third persons is not under the contract, but under the law. The action is maintainable not to enforce the contractual obligation, but to enforce the prior legal one, which the contract by its terms has served to keep in force, by not relieving the defendant from its operation.

The duty in the premises differs from the duty to keep the interior of a house safe and habitable, and was well expressed by the learned counsel for the appellant in his motion to dismiss at the close of the plaintiff's case, although he applied it to the tenants instead of to the landlord, viz.: "This is one of the cases where a man keeps a public house to which he invites the general public. The duty is then upon him to keep the approaches to the hotel in a reasonably safe condition, so that the patrons whom he invites there can have ingress and egress with reasonable safety." This language was applicable to the defendant at the time the lease was executed. He then owed the general duty which the counsel has set forth. As to the platform, the lease expressly continued the duty, although it may be sufficient for the purposes of this case that it did not terminate it. The defendant retained in law the possession and control of the platform for the purpose of making the repairs which the law requires, and to that extent the premises may be said to be not demised. His liability is for his own negligence in failing to perform a duty imposed by law, and is not in any manner based upon the obligations of a contract.

The judgment and order should be affirmed.

Present — GOODRICH, P. J., BARTLETT, WOODWARD and HIRSCHBERG, JJ.

Judgment and order unanimously affirmed, with costs.