(112 App. Div. 395)

## SAN FILIPPO v. AMERICAN BILL POSTING CO.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

NEGLIGENCE—DANGEROUS PREMISES—SIGNBOARDS—LIABILITY—EVIDENCE.

Where defendant was given full control of a signboard on the top of a building, the lease from the owner of the building giving defendant the right to maintain the sign, defendant agreeing to take the premises on the terms as therein set forth, it was bound to use reasonable care to maintain the signboard in a safe condition, and was liable to one injured as the result of its failure so to do by the falling of the sign.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, §§ 668–672; vol. 37, Cent. Dig. Negligence, § 66.]

Appeal from Trial Term.

Action by Mary San Filippo against the American Bill Posting Company. Judgment for defendant, and plaintiff appeals. Reversed.

Appeal from a judgment in favor of the defendant upon a non-suit granted after a trial at the Kings Trial Term. The action was for damages for personal injuries to the plaintiff by the fall upon her of a large signboard from the roof of an adjoining building while she was in her yard.

The trial judge reserved until after verdict a motion to dismiss, and took a special verdict by which the jury found (1) that the signboard was not in a safe condition when it fell, (2) that the defendant knew that fact or could have known of it by reasonable care, and (3) that the signboard fell because it was not in a safe condition.

There was evidence that the wood of the signboard had become rotten, and that that was the cause of the fall. It was a large signboard, used for advertising purposes, 10 feet high and 32 feet long, and on the roof. The defendant did not put it there; it was there and was leased to the defendant by the owner of the building.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR, RICH, and MILLER, JJ.

Henry A. Powell, for appellant.
Clarence B. Campbell, for respondent.

GAYNOR, J. The case turned on whether it was controlled by the decision in Reynolds v. Van Beuren, 155 N. Y. 120, 49 N. E. 763, 42 L. R. A. 129, and that question depended on the written lease to the defendant, and the fact of the defendant's possession and use thereunder. I do not think it was. The prevailing opinion in that case points out that it would have been different if the defendant "maintained" the signboard. In this case the defendant did maintain it. It was given full possession and control of it, and agreed to maintain it. That was the written lease, the words thereof being that the owner of the building leased to the defendant "the right to maintain the signs now on the roof," and the defendant agreed "to take the premises on the terms as above set forth." This is very different to having only a license to paste bills on the signboard, as was the Reynolds Case. The sign was imminently dangerous if not so maintained that it could not fall. The defendant having continuous possession and use of it under an agreement that it would maintain it, it had a duty to use reasonable care to maintain it there so that it would not fall. The plaintiff does not recover under the defendant's breach of contract with the owner of the building to maintain the sign, but under its breach of

duty to every one to safely maintain it, it being in its possession and control, and imminently dangerous. ·This is a very different case to that of a mechanic called in to make or repair. He has no continuous possession, use and control.

The decision in the Reynolds Case is, I suppose, understood to be one not to be extended, and no one is bound by certain illustrations in the opinion. Is it really so that an advertising company which hangs a sign overhead in a street car in so defective a manner that it is imminently dangerous and falls on the head of a passenger is not liable therefor to the injured person, as the opinion says? If one furnish to another a thing which is so defective as to be imminently dangerous, he is liable for a breach of his general duty to others in connection therewith, outside of his mere contract obligations (Devlin v. Smith, 89 N. Y. 470, 42 Am. Rep. 311); and the same rule must with the very same reason be applied to a case like the present one. The defendant had in his possession, use and control this signboard, which was imminently dangerous if not kept securely fastened, and which it had undertaken to maintain there. This carried with it a general duty to use proper care to see that the signboard did not fall from the roof upon neighbors, or upon passersby in the street. That duty was not contractual, but sprung into life by reason of the contract.

The judgment should be reversed, and the plaintiff should be given judgment on the verdict by the trial court.

Judgment and order reversed, with costs, and judgment given to the plaintiff upon the verdict, with costs. All concur.