MARY SAN FILIPPO, Respondent, *v.* AMERICAN BILL POSTING COMPANY, Appellant.

NEGLIGENCE — LIABILITY OF BILL POSTING COMPANY FOR INJURIES CAUSED BY FALL OF SIGNBOARD. A bill posting company which had the right to maintain a bill board or sign on the roof of a building under a formal lease from the tenant in possession thereof, in which the company agreed to keep the roof where the board was erected in good repair and to indemnify the tenant in possession of the building from any and all

damages and claims that he might be liable for in consequence of the maintenance of the board, is liable for personal injuries resulting from the fall or blowing down of the board by reason of the careless or unsafe manner in which it had been erected.

*San Filippo* v. *American Bill Posting Co.*, 112 App. Div. 395, affirmed.

(Argued May 3, 1907; decided May 28, 1907.)

APPEAL from a judgment entered April 28, 1906, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which reversed a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term after the rendition of a special verdict, and directed judgment in favor of plaintiff on such verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert H. Elder* for appellant. The dismissal of the complaint was proper. (*Reynolds* v. *Van Buren*, 155 N. Y. 120; McAdam on Landl. & Ten. [2d ed.] 51; *Taylor* v. *Caldwell*, 3 B. & S. 826; Wood on Landl. & Ten. 348, § 227.)

*Henry A. Powell* for respondent. The dismissal of the complaint by the trial justice constituted error, and the Appellate Division was right when it reversed his order and the judgment entered upon it. (*O. J. Gude Co.* v. *Farley*, 28 Misc. Rep. 184; *Benson* v. *Mayor, etc.*, 10 Barb. 236; *Brenn* v. *City of Troy*, 60 Barb. 421.)

O'BRIEN, J. The plaintiff sustained personal injuries in consequence of the falling or blowing down of a large billboard or sign which had been placed upon the roof of a building in the city of Brooklyn. It was alleged that the defendant maintained the sign, which had been erected in a careless and unsafe manner, and that by reason of the defendant's negligence the sign fell or was blown down on or about the 5th day of November, 1902, resulting in bodily injury to the plaintiff.

At the close of the testimony given upon the trial the defendant's counsel made a motion to dismiss the complaint. The court submitted the issues of fact involved in the case to the jury and a special verdict was returned in favor of the plaintiff. Subsequently, the learned trial judge set aside the verdict and dismissed the complaint, to which ruling an exception was taken. On appeal the judgment of the trial court was reversed and judgment ordered in favor of the plaintiff on the verdict. It was assumed at the trial that the case was controlled by our decision in *Reynolds* v. *Van Beuren* (155 N. Y. 120). The facts in that case were, we think, materially different from the facts in the case at bar. In the former case it appeared that the defendants did not own the building on which the sign had been placed nor the sign itself. They did not erect the sign and had no control over it. They had the right to place bills or advertisements upon it, but had no right to remove it or to change its location. They paid the tenant in possession of the building a compensation for the use of it, and that was the extent of their obligation or duty. This court held, upon these facts, that the defendants were not liable for the result of the accident and were not chargeable with any breach of duty in respect to the care of the sign. The tenant in possession of the building was in control of the roof and could remove the sign at pleasure, and was liable for the result of any negligence in maintaining it. The reasons given for the decision in that case are not at all applicable to the case at bar, since the legal relation of the defendant to the sign is entirely different.

Here, the defendant had a formal lease which gave to it " the right to maintain the signs now on the roof and side walls of Nos. 64 and 66 Main street in the Borough of Brooklyn for one year from January 3d, 1902. It being agreed that the parties of the second part shall keep the roof in repair where the board is erected, and also remove all rubbish from the roof, and the failure to do so upon notice of ten days from the agent of the party of the first part shall render this agreement void. In case the property is sold or own-

ership changed, the parties of the second part will vacate within ten days' notice, and the party of the first part to return rent *pro rata* for the unexpired term for which the said signs are not displayed." The defendant in this case also agreed with the tenant in possession to take the premises on the terms as above set forth and to indemnify the tenant in possession from any and all damages and claims that he may be liable for in consequence of the maintenance of the sign. The obligation and duty was thus imposed upon the defendant to maintain the sign and to protect the tenant in possession from all liability arising from such an accident as the one in question. We would feel bound to follow the decision in the case of *Reynolds* v. *Van Beuren* (*supra*), where the question arises upon the same or similar facts. We think, however, that there is a wide difference between the facts in the present case and the facts in the *Van Beuren* case, and hence the judgment now under review is right and should be affirmed, with costs.

CULLEN, Ch. J., GRAY, VANN, WERNER, WILLARD BARTLETT and CHASE, JJ., concur.

Judgment affirmed.