DI MARCO v. ISAAC.

(Supreme Court, Appellate Term. December 22, 1911.)

1. LANDLORD AND TENANT (§ 167*)—INJURIES TO THIRD PERSONS—LIABILITY TO REPAIR.

　　Where a lease of a store contained no covenant binding the landlord to repair, the duty of making repairs as to third persons rested on the tenant.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 674; Dec. Dig. § 167.*]

2. LANDLORD AND TENANT (§ 134*)—AFFIXING SIGNS TO LEASED PREMISES—RIGHT OF TENANT.

　　Where a lease of a store does not prohibit the affixing of signs to the premises, the tenant may affix signs on the wall in front of the store.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 134.*]

3. LANDLORD AND TENANT (§ 167*)—INJURIES TO THIRD PERSONS—LIABILITY.

　　A tenant of a store, under a lease which did not prohibit the affixing of signs, erected a sign extending out from the building, and a pedestrian passing on the sidewalk was injured by the sign falling on him. The sign was erected without the consent of the landlord, though he knew of its existence several years before the accident. The tenant was in the absolute control of the premises. Held, that the landlord was not liable for negligence in the maintenance of the sign.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 167.*]

Appeal from City Court of New York, Trial Term.

Action by Frank Di Marco against Emanuel Isaac. From a judgment of the City Court of the city of New York for plaintiff entered on the verdict of a jury and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Isidor Weissberger, for appellant.
S. Henri Finkle, for respondent.

· GIEGERICH, J. The defendant, on February 25, 1909, was the owner of the premises known as No. 99 Clinton street, in this city. The property was a tenement house of 5 floors and occupied by 16 tenants. On January 9, 1909, the defendant leased to one Harris Cohen "one store, three rooms and front basement" in said premises for the term of two years from May 1, 1909. Cohen had prior thereto been a tenant of the defendant for several years, occupying the same store and rooms, and the lease of January 9, 1909, was a renewal of a former lease. Several years prior to February 25, 1909, Cohen had erected and placed upon the wall of the premises just above his store door a trade sign. This sign consisted of a bar of iron extending out about five feet from the building at a right angle to the street. Suspended from this bar, by a piece of wire, was a piece of iron moulded into the form of a hat with the words "M. Cohen, Hatter," thereon. On said 25th day of February, 1909, as the plaintiff was passing along the sidewalk in front of the store, this iron form fell, striking him upon the leg, and caused the injuries complained of, and he has recovered a judgment herein for the sum of $150 upon the verdict of a jury, from which the defendant appeals.

At the opening of the trial the defendant's counsel moved that the plaintiff be compelled to elect whether he would proceed to trial upon the cause of action set up in the complaint for negligence, or upon the second cause of action set up therein alleging a nuisance. The court below refused to require the plaintiff to so elect; but, after the plaintiff's counsel had opened his case to the jury, the court asked counsel if he elected to proceed with the trial upon the theory of negligence, and he answered, "Yes."

The plaintiff proved merely the fall of the sign. No evidence was given, nor was an offer made to show, that the sign was improperly or insufficiently attached to the bar from which it was suspended, nor that the bar was insecurely fastened to the building, or that at the time it fell it was in a dangerous condition, and no cause for its fall was shown. The plaintiff rested entirely upon the doctrine of res ipsa loquitur as proving negligence and claims to hold the landlord upon such proof.

[1] The lease to the tenant, Cohen, contained no covenant on the part of the landlord to repair, and therefore the duty of making repairs rested upon the tenant.

[2] Nothing was said therein regarding the erection of signs thereon. In the absence of a clause in the lease prohibiting the affixing of signs to leased premises, the tenant had a right to affix signs on the wall in front of the store hired by him. Baldwin v. Morgan, 43 Hun, 355; McAdam, L. & T. vol. 2 (4th Ed.) p. 1521.

[3] It is undisputed that the sign was erected by the tenant without the consent of the landlord, although he knew of its existence several years before the accident happened. The tenant was in the absolute and sole control of the demised premises, of course, including

the sign, which he had a right to erect thereon, and the landlord had no right to interfere with the tenant in the lawful use thereof. Under such circumstances, it is impossible to hold the landlord for negligence. If there was any negligence in the maintenance of the sign, it was attributable to the tenant, and not to the landlord.

"As owner of the freehold, he is liable for injuries resulting from the condition of the freehold itself, caused by his own negligence, whether in his actual occupation or not, and if he have let to another, with covenants to repair, he has been held liable to any third person, resulting from his neglect to repair. * * * If the injury result from the negligence of the owner, either in constructing or upholding the freehold, he is responsible, but is not, in general, responsible for the negligence of the tenant in the use of it. If it result from the negligence of the tenant in any manner, he is liable." Eakin v. Brown, 1 E. D. Smith, 43, 44.

In the case of Schroeck v. Reiss, 46 App. Div. 502, 61 N. Y. Supp. 1054, an owner of a tenant house was sued for damages for injuries to a plaintiff occasioned by falling through a door and down a cellar stairs; the door having been left open by an employé of a tenant. The court said, at page 503 of 46 App. Div., at page 1055 of 61 N. Y. Supp.:

"It is claimed upon the part of the plaintiff: First, that defendant was responsible for the management of this cellar door because she had let only a portion of the building to the occupant of the store, the rest being used by her for tenement purposes; and, secondly, because the steps were not constructed and protected in the manner prescribed by law. It seems clear that the first ground is not well taken. It is true the defendant had let Hartung (the tenant) only a portion of the premises, but the part of the premises let to him was the store and basement over which he had the sole control and upon which the defendant had no right to enter. The fact that she let other parts of the building to other tenants in no way gave her any authority over the premises let to Hartung."

See, also, Curran v. Flammer, 49 App. Div. 293, 62 N. Y. Supp. 1061.

"Where the landlord has created no nuisance and is guilty of no willful wrong or fraud or culpable negligence, no case can be found imposing liability upon him for an injury suffered by any person occupying or going upon the premises during the demise." Edwards v. N. Y. & H. R. R. Co., 98 N. Y. 247, 50 Am. Rep. 659.

"The tenant in possession of the building was in control of the roof and could remove the sign at pleasure and was liable for any negligence in maintaining it." Fillipo v. American Bill Posting Co., 188 N. Y. 514, 516, 81 N. E. 463, 464.

"One suing the owner of a tenement house for injuries by a broken window glass falling on him must show, in order to recover upon the theory of a trespass or nuisance, that the broken window was under the control of the owner." Margulies v. Beck, 130 N. Y. Supp. 159.

See, also, Kane v. Williams, 140 App. Div. 857, 125 N. Y. Supp. 641.

None of the cases cited by the respondent on his brief are applicable to the situation presented in the case at bar. Many of them are actions for nuisance, and in others the defendant was the lessee.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.