Samson Hittner, as Executor of Isidore Hittner, Deceased, Plaintiff, v. Turbine Equipment Company, Appellant, and Foster-Newman Contracting Co., Inc., Respondent.

First Department, March 5, 1963.

*Howard A. Kochendorfer* for appellant.

*William F. McNulty* of counsel (*Rudser & Fitzmaurice,* attorneys), for respondent.

McNALLY, J. In an action for property damage, defendant Turbine Equipment Company appeals from a judgment against it in favor of plaintiff and defendant Foster-Newman Contracting Co., Inc. on its cross complaint.

Foster-Newman was the contractor and Turbine the subcontractor in respect of a New York City sewage disposal project known as the Hollers Avenue Pumping Station located at Hollers Avenue, The Bronx, New York. The structure is adjacent to the tidal Hutchinson River; it is about two feet above and two stories below the ground. Below sea level is a tide chamber. One of its walls borders the river and contains an opening about 14 inches in diameter. The opposite wall contains an opening of about 12 inches in diameter into which is inserted a pipe and wall flange. The said wall is between the tide chamber and the overflow chamber. Turbine was required to install a flapper valve at the 12-inch opening of the tide chamber so that water from the overflow chamber could enter the tide chamber and water from the tide chamber would be excluded from the overflow chamber.

Prior to the occurrence plaintiff's decedent, who was the electrical subcontractor, had installed a master control board and other electrical work. During the course of said work the 14-inch opening of the river wall of the tide chamber had been covered with a plywood bulkhead braced by timbers against the

opposite wall into which was to be inserted the flapper valve. The bulkhead served to prevent river water from entering the installation.

Between the afternoon of November 11 and the morning of November 12, 1958 the structure was inundated by the waters of the Hutchinson River which damaged the electrical installation of plaintiff's decedent. The evidence establishes and it is conceded that the waters entered through the opening of the river wall of the tide chamber and that the bulkhead was not in place at the time of the occurrence.

Foster-Newman installed and maintained the bulkhead and had a watchman on the job each day until midnight. That the bulkhead adequately served to prevent waters of the Hutchinson River from entering the installation is demonstrated by the advanced state of the project prior to the occurrence.

The verdict against the defendants is grounded on a charge which enabled the jury to find negligence based on the faulty maintenance of the bulkhead or the omission to install the flapper valve or both. It appears and is undisputed that the prior installation of the flapper valve would have averted the occurrence and damage. In the absence of a special verdict the precise basis therefor cannot be determined.

The issues on the cross complaint were decided by the trial court in favor of Foster-Newman and their resolution depends on whether Turbine's omission to install the flapper valve establishes negligence sustaining plaintiff's verdict against it. The common-law right of indemnity of Foster-Newman derives from the plaintiff's right to recover against Turbine which has appealed from the judgment for the plaintiff as well as the judgment in favor of Foster-Newman on its cross complaint. Pending this appeal Foster-Newman paid the judgment in favor of the plaintiff. Thereby Foster-Newman stands in the right of the plaintiff on this appeal. (Civ. Prac. Act, § 211-b.)

In the view most favorable to Foster-Newman the record establishes that within a week or two before the occurrence it inquired of Turbine why the installation of the flapper valve had not been made and was informed that the fittings had not been prepared by Foster-Newman particularly with relation to the removal of cement therefrom so that a watertight fitting could be effected. The site of the installation of the flapper valve was readied on November 10, 1958. On said day Turbine's superintendent was so informed and he said " he would take care of it ". The installation could have been made in about two hours but was not made prior to the occurrence. Foster-Newman

is without knowledge and this record is without evidence as to the circumstances under which the bulkhead was removed and who was responsible therefor.

It cannot be gainsaid that if the bulkhead had been in place the occurrence would not have materialized. On this record the obligation to maintain the bulkhead was that of Foster-Newman. Turbine did not assume any responsibility as to maintenance of the bulkhead. There is no evidence of reliance upon the installation of the flapper valve or any causal relation between the omission to install it and the failure in regard to the bulkhead. On this record the absence of the bulkhead was without the knowledge of Foster-Newman and therefore not induced by the promise of Turbine to install the flapper valve. The omission of Foster-Newman to bulkhead the opening of the river wall was not reasonably foreseeable. (*Bolsenbroek* v. *Tully & Di Napoli*, 12 A D 2d 376, 377, affd. 10 N Y 2d 960.)

In the absence of foreseeability of the occurrence, the omission of Turbine to install the flapper valve, assuming it constituted a violation of its contract with Foster-Newman, is not the violation of a duty of Turbine to the plaintiff and consequently does not support a finding of negligence. (*Reynolds* v. *Van Beuren*, 155 N. Y. 120; *Rosenbaum* v. *Branster Realty Corp.*, 276 App. Div. 167.)

. Plaintiff's recovery is not based on any contractual obligation of Foster-Newman and Turbine under its contract with Foster-Newman did not undertake to indemnify it for its own negligence (*Thompson-Starrett Co.* v. *Otis Elevator Co.*, 271 N. Y. 36.)

The judgment as modified by the order of the Appellate Term should be further modified, on the law and on the facts, by dismissing the complaint as to defendant-appellant and deleting the provision for cross judgment, and, as so modified, affirmed, without costs.

BREITEL, J. P., RABIN, EAGER and BASTOW, JJ., concur.

Judgment as modified by the order of the Appellate Term further modified, on the law and on the facts, by dismissing the complaint as to defendant-appellant and deleting the provision for cross judgment, and, as so modified, affirmed, without costs. Settle order on notice.