■ FREDA DAVIS et al., Respondents, v. THELMA GOLDSMITH, Doing Business as COZY CORNER LUNCHEON, et al., Appellants-Respondents, and S. W. AARON SIGN CO., Respondent.— Judgment in favor of plaintiffs in this personal injury negligence action against defendants Goldsmith and the Coca-Cola Company and in favor of defendants on the cross complaints modified, on the law, to the extent of reversing so much of the judgment as is in favor of plaintiffs, the verdict vacated, and a new trial granted, with costs to abide the event; and the judgment is otherwise affirmed, with costs to defendant S. W. Aaron Sign Co. against defendants Goldsmith and Coca-Cola and without costs to defendant Coca-Cola on defendant Goldsmith's cross complaint against it. The trial court, in charging upon the applicability of the doctrine of *res ipsa loquitur*, incorrectly stated that defendants Goldsmith and Coca-Cola had, in effect, a burden to rebut the inference or presumption established by plaintiff's proof. The rule is now well settled that when plaintiff, by his proof, establishes the applicability of the doctrine plaintiff is entitled to go to the jury, but there is no burden of rebuttal, albeit a prima facie case is made out (*George Foltis, Inc.* v. *City of New York*, 287 N. Y. 108, 118; Prosser, Torts [2d ed.], § 43). Since defendants may have been prejudiced, the error may not be disregarded, and a new trial is required. It is also noted that, in any event, the award of damages was grossly excessive. Defendants Goldsmith and Coca-Cola appeal from the dismissal of their cross complaints against the S. W. Aaron Sign Co. In a proper case liability may attach for the improper installation of a sign, which, to some extent, may be inferred from the falling of the sign. Sufficient evidence, however, was not adduced to narrow the cause of the falling to improper installation as distinguished from the need for current maintenance. (*McNulty* v. *Ludwig & Co.*, 153 App. Div. 206, 213–214.) For a different reason, defendant Goldsmith's cross complaint against defendant Coca-Cola was also properly dismissed. The uncontroverted testimony was that the sign was installed by Coca-Cola without any arrangement or agreement, oral or written, between defendant Goldsmith and the company. Nor was there any testimony of inspection or general maintenance. There was some dubious testimony by defendant Goldsmith's husband to the effect that Coca-Cola, two or three times a year, sent someone around to polish the sign and, six or seven times a year, to look at it. This falls far short of establishing a duty as between the joint tort-feasors to maintain the sign, and particularly to maintain it with respect to safety requirements. Moreover, a voluntary act of maintenance on the part of one tort-feasor, unless the accident was due to improper maintenance, would not establish a responsibility on the part of the volunteer as against the other tort-feasor. All

of the cases in which a duty to maintain has been found involved definite arrangements or agreements in which the responsibility as between the two parties benefiting from the operation or thing which caused the accident was fixed (e.g., *Phoenix Bridge Co.* v. *Creem,* 102 App. Div. 354, affd. 185 N. Y. 580; cf. *San Filippo* v. *American Bill Posting Co.,* 112 App. Div. 395, affd. 188 N. Y. 514; *Reynolds* v. *Van Beuren,* 155 N. Y. 120; 5 Warren's Negligence [2d ed.], § 5.74; see, also, Restatement, Restitution, § 95, especially Illustrations 2, 4; *id.,* § 98, especially Illustration 2; 42 C. J. S., Indemnity, § 27). Notably, there was no proof as to what caused the sign to fall and, as a consequence, it is impossible to fix that aspect of its maintenance which was responsible for the accident. Moreover, maintenance in part, such as cleaning, may not justify an implication of responsibility for total maintenance as between the joint tort-feasors. If it could have been shown that it was within the area of what Coca-Cola did, whether by omission or commission, which caused the accident, a different situation might be present. In short, if Coca-Cola in the process of cleaning the sign had done something or omitted to do something which caused the accident, the cross complaint might be sustainable. On argument, counsel for defendant Goldsmith stated that there was no further evidence, beyond that already in the record, to establish a duty to maintain on the part of Coca-Cola as against defendant Goldsmith. Settle order on notice. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.