## KANE v. WILLIAMS.

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

1. NEGLIGENCE (§ 122*)—DANGEROUS PREMISES—CONTRIBUTORY NEGLIGENCE.

In an action for injuries due to alleged negligent maintenance of danger-
ous premises, plaintiff cannot recover in the absence of some proof that
she was not guilty of contributory negligence.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 229; Dec. Dig.
§ 122.*]

2. LANDLORD AND TENANT (§ 167*)—DANGEROUS PREMISES—INJURIES TO THIRD
PERSONS.

Where the front steps leading from the street to the first floor of de-
fendant's building were in possession and control of defendant's tenant,
defendant occupying the basement, the tenant, in the absence of evidence
to the contrary, and not defendant, would be responsible for the condition
of the steps and the railings attached thereto.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 668;
Dec. Dig. § 167.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by Mary Kane, an infant, by her guardian ad litem, against
Samuel Williams. From a judgment for plaintiff, defendant appeals.
Reversed.

Argued before WOODWARD, JENKS, THOMAS, RICH, and
CARR, JJ.

Walter Lester Glenney (Frank Harvey Field, on the brief), for ap-
pellant.

Maurice F. Miller, for respondent.

WOODWARD, J. The plaintiff, an infant, has a judgment for
$150 for personal injuries alleged to have been sustained through the
negligence of the defendant in maintaining a defective handrail in con-
nection with the front steps of a house on Atlantic avenue, Brooklyn.
Plaintiff was a visitor at the home of a tenant of defendant, and her
version of the accident is that she opened the front door, stepped out
upon the front steps, brushed against a boy who stood near the hand-
rail, and that the railing gave way and the boy fell into the areaway,
and that she fell down head first on top of him, sustaining injuries.
She says she was one foot from the end of the steps, and the story
seems highly improbable; for she does not claim to have slipped or to
have collided with the boy with any appreciable degree of force.

However this may be, the case is barren of all evidence of absence
of contributory negligence, and we fail to find any evidence which
would charge the defendant. So far as the evidence indicates, the
front steps of the premises were in the possession and control of de-
fendant's tenant, the defendant himself occupying the basement; and
in the absence of evidence to the contrary the tenant would be respon-
sible for the condition of the front steps and the railing. Upon the
whole case, we are clearly of opinion that the plaintiff failed to es-
tablish her cause of action.

The judgment should be reversed, and a new trial ordered; costs
to abide the event. All concur.