## MARGULIES v. BECK.

### (Supreme Court, Appellate Term. June 12, 1911.)

LANDLORD AND TENANT (§ 167*)—DANGEROUS PREMISES—INJURIES—LIABILITY.

One suing the owner of a tenement house for injuries by a broken window glass falling on him must show, in order to recover on the theory of a trespass or a nuisance, that the broken window was under the control of the owner; and the mere fact that in response to a tenant's request to repair the window he had promised to repair does not authorize a recovery.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 668–679; Dec. Dig. § 167.*]

Appeal from City Court of New York, Special Term.

Action by Bessie Margulies, an infant, by Benjamin Margulies, her guardian ad litem, against Morris Beck. From an order of the City Court, setting aside a dismissal of the complaint, defendant appeals. Reversed.

Argued before SEABURY, GUY, and BIJUR, JJ.

James J. Mahoney, for appellant.
Moses D. Moss, for respondent.

SEABURY, J. The complaint alleges that the defendant was the owner of a tenement house, and that "while in the control and management thereof" he did permit or allow said premises to be used in a defective, dangerous, and improper condition, wrongfully and unlawfully, in permitting a certain window glass connected with said premises to become loosened and unfastened," and that by reason thereof the plaintiff "was struck upon the head by said above glass, without any negligence on the part of the plaintiff."

The evidence adduced upon the trial was meager. It established that the defendant was the owner of the tenement house in question and that glass fell from a window on the third floor of the premises and struck the plaintiff upon the head. It also appeared that the window from which the glass fell was in an apartment leased to a tenant who testified that she did not see the accident, but that the glass fell on the day that the plaintiff claimed she was injured, and that she had asked the defendant to "fix my window" three or four times, and

---

that he had said he would fix it, but did not do so. There is no direct evidence as to whether the defendant or the tenant was required to repair the broken window. At the close of the plaintiff's case the learned court dismissed the complaint, but reserved for further consideration a motion to set aside the dismissal. Subsequently the court granted the motion and restored the case to the day calendar for trial.

The dismissal was set aside upon the ground that the plaintiff was entitled to recover either upon the theory of trespass or nuisance. Upon either theory it would be necessary for the plaintiff to establish as a part of her case that the broken window was under the control of the defendant. Any liability on the part of the defendant upon either of the theories suggested by the learned court below must have been predicated upon this fact. There is no evidence in the record to prove that the window was under the control of the defendant. Such control as would justify holding the defendant liable cannot be inferred merely from the fact that in response to a tenant's request to fix the window the defendant had promised to have it fixed. Upon the evidence at the close of the plaintiff's case the plaintiff was properly nonsuited.

It follows that the order setting aside the dismissal of the complaint should be reversed, with costs to the appellant. All concur.