## HAMERSMITH v. COHN.

(Supreme Court, Appellate Term. December 22, 1911.)

LANDLORD AND TENANT (§ 169*)—INJURIES—DEFECTIVE PREMISES—CONTROL—
EVIDENCE—SUFFICIENCY.

    In an action against a landlord for injury to his tenant's wife, caused by her falling down a stairway, evidence *held* to warrant a finding that the stairway was under defendant's control.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 645, 665; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Beila Hamersmith against Eliza Cohn. From an order setting aside a verdict for plaintiff, and ordering a new trial, she appeals. Reversed, and verdict reinstated.

Argued before GIEGERICH, LEHMAN, and PENDLETON, JJ.

Leopold Freiman, for appellant.

James J. Mahoney (John R. Benner, of counsel), for respondent.

LEHMAN, J. The plaintiff was injured by falling down a flight of steps on premises owned by the defendant. The jury awarded her damages of $100, and the trial justice set aside the verdict, on the ground that there is not sufficient evidence to show that the flight of steps was in the control of the defendant. The defendant presented no evidence, but rested at the close of the plaintiff's case.

There can be no serious question that there was sufficient evidence of the plaintiff's freedom from contributory negligence and of the defendant's negligence, if she was in control of the flight of steps. It appears that this flight of steps led from the street to a basement store and rear apartment leased from month to month to plaintiff's husband. In this store the husband carried on his business as a cobbler, and the rear apartment was occupied as a residence by plaintiff and himself. This flight of steps was the only means of ingress and egress for plaintiff and her husband and persons coming to visit them. The remainder of the premises was occupied as a tenement house, but apparently there was a separate entrance for the other tenants, who did not use the flight of steps.

If these facts stood alone, the case would be within the authority of Kane v. Williams, 140 App. Div. 857, 125 N. Y. Supp. 641, upon which the trial justice relied in setting aside the verdict. It appears, however, in this case, that the steps also led to a hall or area which the defendant used to collect the ash barrels for his tenement house, and that these steps were used by the landlord's janitor for bringing the barrels up and down. It appears, therefore, that they were not only the means of ingress to and egress from the store leased to plaintiff's husband, but also to and from a portion of the premises over which the defendant kept undisputed control. In these circumstances, I think it is at least a fair question of fact whether these steps were included in the parol lease of the basement store and apartment, or

whether the control was retained by the defendant, subject to the tenant's right of user. In my opinion, it is quite unreasonable to suppose that the owner should have impliedly included this flight of steps in the lease of the basement store and apartment, when they are used by the owner's janitor in taking care of the house. The continued use of these steps by the janitor is hardly consistent with their inclusion in the lease, while their use by the tenants would be proper and necessary, whether the control was retained by the landlord or not.

The order should therefore be reversed, and the verdict reinstated, with costs to appellant. All concur.