### FINKELSTEIN v. SCHLANOWSKY.

(Supreme Court, Appellate Term.   May 27, 1912.)

1. LANDLORD AND TENANT (§ 124*)—APPURTENANCES—STAIRWAY.

A stairway which furnishes the means of access to a tenant's basement store, and to no other part of the building, is appurtenant to the store.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 437–440; Dec. Dig. § 124.*]

2. LANDLORD AND TENANT (§ 164*)—DEFECTIVE PREMISES—CONTROL OF STAIRWAY—LANDLORD'S LIABILITY.

Where a landlord demised a basement store, the stairway to which from the street was appurtenant, as furnishing the means of access thereto, and to no other part of the building, and did not have the undisputed control of the stairway, or any knowledge that the space at its foot, $1\frac{1}{2}$ to $2\frac{1}{2}$ feet in width, was used by the janitor and other tenants to carry ashes to an ash can placed there, the landlord, after several years' tenancy, was not liable for an injury to the tenant's wife from a defect in the stairway developing only four or five weeks previously.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 630–637, 639, 641; Dec. Dig. § 164.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

3. LANDLORD AND TENANT (§ 169*)—TENANT'S ACTION FOR INJURIES—INSTRUC-
TIONS—LANDLORD'S CONTROL.

An instruction, in a tenant's action for injuries from a defective stair-
way furnishing the means of access only to his basement store, that, if
ash cans were kept down at the foot of the basement stairway by other
tenants that would bring it within the rule of being occupied by or used
in common with other tenants, was erroneous, for failing to sufficiently
instruct that it must be found that the stairs were reserved by the lease
for common use, or that such use was with the knowledge and consent of
the owner, from which such a reservation might be implied.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§
644–646, 664–667, 681–684; Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Action by Celia Finkelstein against Bernard Schlanowsky. From a
judgment of the Municipal Court of the City of New York in favor
of the plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1912, before SEABURY, LEHMAN, and
PAGE, JJ.

James J. Mahoney, of New York City (Edward I. Taylor, of New
York City, of counsel), for appellant.

Charles S. Rosenthal, of New York City (Leonard F. Fish, of New
York City, of counsel), for respondent.

PAGE, J. The action was brought to recover damages for personal
injuries sustained by the plaintiff by reason of the alleged negligence
of the defendant. The plaintiff's husband leases the basement store
of the building, No. 294 Broome street, and maintains a cobbler shop
therein. Plaintiff was descending the stairway leading from the street
to this basement store, and when she reached the second step from the
bottom the step broke and caused her to fall, resulting in injuries for
which the jury awarded her $200 damages.

[1] All the contradicted questions of fact having been resolved in
favor of the plaintiff by the verdict of the jury, the sole question to
be settled on this appeal is the question of liability. This stairway fur-
nished the means of access to the basement store leased by the plain-
tiff's husband, and to no other part of the building. It would there-
fore appear to be an appurtenance to the demised premises.

[2] The tenant had occupied these premises for four years, and, as
the alleged defect in the stairway had developed within four or five
weeks before the plaintiff's fall, the liability would appear to be on
the tenant, and not upon the landlord. McCallum v. Dodge, 148 App.
Div. 86, 132 N. Y. Supp. 1059; Kane v. Williams, 140 App. Div. 858,
125 N. Y. Supp. 641; O'Dwyer v. O'Brien, 13 App. Div. 570, 573, 43
N. Y. Supp. 815; Schroeck v. Reiss, 46 App. Div. 502, 61 N. Y.
Supp. 1054. The respondent claims that this stairway was used by
the janitress and the tenants of the store for the purpose of carry-
ing ashes to an ash can placed at the foot of the stairs, and for the
purpose of removing the can when filled. It is to be noted that many
other ash cans were used, this building being a large tenement house,

and that they were kept in a place provided by the landlord. The space at the foot of the stairs was variously estimated to be from 18 inches to 2½ feet in width, and was obviously intended merely as a means of access to the basement store, and not as a separate and distinct part of the premises that was reserved from the demise. This fact distinguishes the case at bar from Hammersmith v. Cohn, 132 N. Y. Supp. 323, in which the steps did not lead to the basement store alone, but also to a hall or area which the landlord used to collect the ash barrels for his tenement house, and that these steps were used by the landlord's janitor for bringing the barrels up and down. The court said:

"It appears, therefore, that they [the stairs] were not only the means of ingress to and egress from the store leased to plaintiff's husband, but also to and from a portion of the premises over which the defendant kept undisputed control."

The use of this small space for an ash barrel was not shown to be with the knowledge and approval of the owner (McCallum v. Dodge, supra), nor was this small space a portion of the premises within the undisputed control of the landlord.

[3] The learned justice charged the jury that if they believed that the ash cans were kept down at the foot of those basement steps, and that they were taken down there by the occupants of the premises other than the tenant, that would bring it within the rule of being occupied by or used in common by other tenants. This instruction did not sufficiently instruct the jury that they must find that the stairs were reserved from the demise for the common use, or that such use was within the knowledge and consent of the owner, from which such a reservation might be implied. We note that there have been two trials of this action, on the first of which no evidence of the existence of the ash barrel at the foot of the stairs, or of the use of the stairs by other tenants, was offered, and also that between the two trials the opinion in the case of Hammersmith v. Cohn, supra, was published. The evidence of the existence of these facts is not very convincing to our minds. We feel that the interest of justice will be subserved by a new trial.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.