(79 Misc. Rep. 47.)

### FINKELSTEIN v. SCHLANOWSKY.

(Supreme Court, Appellate Term, First Department. January 9, 1913.)

APPEAL AND ERROR (§ 1170*)—AFFIRMANCE—SUBSTANTIAL JUSTICE—TECHNICAL ERROR.

Though it was technical error to dismiss the complaint on the third trial of an action against a landlord by the tenant of a basement store for injury from the breaking of the stairs leading to the street, there being evidence that there were ash barrels at the foot of the steps which the landlord's janitor used for other tenants of the building, yet an affirmance best serves the ends of justice; there having, on the first trial, been no evidence of an ash barrel, this having been supplied on the second trial, the opinion in Hamersmith v. Cohn, 132 N. Y. S. 323, having in the meantime been published, but it not having then been shown that use of the space for an ash barrel was with the knowledge or approval of the landlord, and the judgment for plaintiff then rendered having therefore been reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454; Dec. Dig. § 1170.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Celia Finkelstein against Bernard Schlanowsky. From a judgment dismissing the complaint, after a trial before the justice and a jury, plaintiff appeals. Affirmed.

See, also, 76 Misc. Rep. 500, 135 N. Y. Supp. 783.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Charles S. Rosenthal, of New York City (Leonard F. Fish, of New York City, of counsel), for appellant.

James J. Mahoney, of New York City (Edward I. Taylor, of New York City, of counsel), for respondent.

GERARD, J. Action for personal injuries. Plaintiff's husband is lessee from defendant lessor of a basement store, with steps leading to the street. Plaintiff testified that, while descending the steps, one of them broke, causing her to fall. Her husband testified that four or five weeks before the accident he called the landlord's attention to this step, which he says was then broken. There was evidence that there were ash barrels at the foot of the steps, which the janitor of the building used for other tenants of the building. This was the third trial of this cause. At the first trial there was no evidence of the existence of the ash barrel at the foot of the steps. Thereafter the opinion in Hamersmith v. Cohn (Sup.) 132 N. Y. Supp. 323, was published. After the second trial a judgment for plaintiff was reversed, because "the use of this small space for an ash barrel was not shown to be with the knowledge or approval of the owner," and because the court did not sufficiently instruct the jury that, to make the landlord liable, they must find that the stairs were reserved from the demise (to plaintiff's husband) for the common use, or that such use was with the knowledge and consent of the landlord. Finkelstein v. Schlanowsky, 76 Misc.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Rep. 500, 135 N. Y. Supp. 783. Here we find testimony that the janitor (defendant's agent) made use of the ash barrels. In view of this testimony, it may have been a technical error to dismiss the complaint; but, in view of the general conduct of this case and the production of testimony after opinions of the court, it would seem that an affirmance would best serve the ends of justice.

Judgment affirmed, with costs. All concur.