VINCENT MURTHA, an Infant, by ANNIE V. MURTHA, His Guardian ad Litem, Respondent, v. EDWARD ALBERT RIDLEY, Appellant.

ANNIE V. MURTHA, Respondent, v. EDWARD ALBERT RIDLEY, Appellant.

First Department, April 1, 1921.

Landlord and tenant — action for injury to child of tenant while playing in back yard — yard not appurtenant to tenancy — plaintiff was licensee in using yard as playground — duty of landlord to keep yard in repair.

In an action against a landlord to recover damages for injury to an infant, the child of one of the tenants, who while playing in the back yard fell into an areaway by reason of a break in the cement coping around the same, it appeared that the child and its mother lived on the first floor, that there was a door leading from the dining room on the first floor into the yard, in the back of which was a pole extending up so that clothes lines could be run across to the windows in each of the three apartments; that there was no general entrance way into the yard from the apartment house, and that the yard was not used by the tenants except in connection with the use of the clothes pole.

*Held*, that the only right of the tenants was to make use of the clothes pole upon which to string the lines for the washing, and any other use of this yard by them was purely the use of a licensee and not the use of a contractee or an invitee.

If it may be deemed that the yard was appurtenant to the tenancy of the lower floor, occupied by the plaintiff's mother, nevertheless she took it as she found it, and the landlord was not bound to make any change, for it is only where a part of the premises is used in common by different tenants that there is a liability on the part of the landlord to keep it in repair.

Since the child was in the yard as a mere licensee, there was no liability for mere negligence and no act was shown which was a violation of any duty owed by the defendant to the plaintiff.

APPEAL in the first above-entitled action by the defendant, Edward Albert Ridley, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of February, 1920, on the verdict of a jury for $7,500, and also from an

order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

Appeal in the second above-entitled action by the defendant, Edward Albert Ridley, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of February, 1920, on the verdict of a jury for $619, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

*George F. Hickey* of counsel [*William Butler*, attorney], for the appellant.

*Gilbert D. Steiner*, for the respondents.

SMITH, J.:

The judgment in favor of the infant is for $7,674.39. The one in favor of the mother is for $619. The action is against the landlord of a tenement house. There were three apartments in this tenement house, one on each floor. Behind the house there was a yard about nineteen by nineteen. In this yard there was an areaway near the building for the purpose of allowing windows to be put into the cellar, so as to light the cellar. This areaway had around it a cement coping, but no railing. The child while playing in this yard fell into this areaway by reason of a break in this cement coping. For the injuries sustained from the fall action is brought by the child and another action by the child's mother.

The defendant had only owned the property for about six weeks. He had bought it of the grandmother of this child who was only seven years old. The child and its mother lived on the first floor and there was a door leading from the dining room on the first floor out into the back yard. In the back of the yard there was a pole which extended up so that clothes lines could be run across to the windows upon each one of the three apartments. In order to hang out the clothes, however, it was not necessary to go out into the yard, but the clothes lines would work on pulleys from the pole to the windows. There was no general entrance way into the yard from the apartment house. There was no

hallway which went through the apartment house opening into the yard, and it was necessary, in order to get into the yard from the apartment house, either to go through the private dining room of the first floor tenant, or to go down into the cellar, up the cellar steps opening two doors, and one of the tenants swears that it was impossible for any one except a strong man to open one of those doors because it was so heavy. It seems that there were openings at which there were apparently doors swung open on two sides of this yard into adjoining yards. One went into an adjoining yard on the east and one went into an adjoining yard on the north and upon the adjoining yard on the north was a store which was occupied by the tenant of the second floor of this apartment house. It is claimed by the plaintiff that this was used in going back and forth between the store and the tenement house both by Mrs. Schwartz, who was the tenant, and by her children. She swears, however, that she did not go down there and did not use it and that she did not allow her children to play in the yard, although sometimes they got into the yard and played and she had driven them away several times. The tenant who rented the upper apartment, a Mrs. Frankle, swears that they never used this back yard, and from the fact that there was no access to the same from the hallway it seems to me proven beyond question that the only right of the tenants was to make use of this pole upon which to string the lines for the washing, and any other use of this yardway by the tenants or by outsiders was purely the use of a licensee and not the use of a contractee or an invitee. (*Walsh* v. *Frey*, 116 App. Div. 527.) If it may be deemed that this was appurtenant to the tenant of the lower floor, this plaintiff's mother, she, nevertheless, took it as she found it and the landlord is not bound to make any change. (*O'Dwyer* v. *O'Brien*, 13 App. Div. 570; *Jaffe* v. *Harteau*, 56 N. Y. 398.) It is only where a part of the premises is used in common by different tenants that there is a liability on the part of the landlord to keep in repair, except by reason of specific agreement, which is not here shown. (*Vaughan* v. *Transit Development Co.*, 222 N. Y. 79; *Fox* v. *Warner-Quinlan Asphalt Co.*, 204 id. 240.)

The plaintiff's mother attempts to support her case by

showing that she had seen the children of the tenants of the upper tenement and of the middle tenement playing in the yard even since it was sold to the defendant. But they were there, not as a matter of right, but as a matter of license simply, and, therefore, there was no liability for mere negligence and there could be no such act here as could be a violation of any duty to a mere licensee.

The judgments and orders should be reversed and complaints dismissed.

CLARKE, P. J., LAUGHLIN, DOWLING and GREENBAUM, JJ., concur.

Judgments and orders reversed, with costs, and complaints dismissed, with costs.