ETHEL KISTEN, an Infant, by HARRY KISTEN, Her Guardian ad Litem, Respondent, v. LIBA KOPLOWITCH, Also Known as LIBA KOPELOWITZ, Appellant.

HARRY KISTEN, Respondent, v. LIBA KOPLOWITCH, Also Known as LIBA KOPELOWITZ, Appellant.

First Department, January 11, 1924.

Landlord and tenant — negligence — action to recover for injuries suffered when plaintiff fell on stairs — plaintiff was visiting tenant who leased upper floor of two-family house including stairway — landlord employed janitor who took care of furnace, sidewalk and stoop — evidence does not show that landlord reserved control of stairs — evidence of after-made repairs not admissible — complaint dismissed.

In an action to recover damages for injuries suffered by a child who, while visiting a tenant of an upper flat in a two-story house, tripped on a loose stair pad on the stairs leading from the upper story to the lower hall and fell, reservation of control by the landlord of the stairway on which the accident happened is not shown by evidence that the landlord employed a janitor whose duties were to care for the furnace, the sidewalk in front of the building, and the stoop.

Complaints made by the tenant and demands made by him upon the landlord to repair the stairs do not show that the defendant had control of the stairway and was under a duty to keep it in repair.

It was error to admit evidence that after the accident occurred the landlord repaired the stair covering and the admission of that evidence cannot be justified upon the ground that it tended to prove control by the landlord.

Inasmuch as the evidence establishes that the stairway was used exclusively by the tenant on the second floor and as there is no evidence which would justify a finding by the jury that the landlord reserved control of the stairway, the court should have dismissed the complaint.

APPEAL by the defendant, Liba Koplowitch, in each of the above-entitled actions, from a judgment of the Supreme Court in favor of the plaintiff, entered in each action in the office of the clerk of the county of New York on the 5th day of March, 1923, upon the verdicts of a jury for $2,000 and $225, respectively, and also from an order entered in each action in said clerk's office on the 9th day of March, 1923, denying the defendant's motion for a new trial made upon the minutes.

*Bertrand L. Pettigrew* [*Walter L. Glenney* of counsel], for the appellant.

*Abraham Midonick*, for the respondents.

MARTIN, J.:

This is an appeal by defendant from judgments for plaintiffs and orders denying new trials, rendered in favor of an infant and her father for injuries alleged to have been sustained by the infant from a fall on the stairway leading to the top floor of a two-family house owned by appellant. The infant plaintiff obtained a verdict for $2,000, and her father a verdict for $225.

In March, 1920, defendant was the owner of a two-family brick house known as No. 342 Saratoga avenue, borough of Brooklyn, city of New York. The basement and first floor were occupied by a tenant named Cohen. A family by the name of Schwartzenfeld occupied the top floor apartment under a monthly tenancy, having taken possession about March 15, 1920. This top floor apartment was reached by way of the front stoop, which led to a vestibule. There were two doors inside the vestibule, the undisputed testimony showing that the left-hand door opened directly into the Cohen apartment, while the right-hand door opened upon a private stairway leading to the floor above occupied by the Schwartzenfeld family. There was a platform at the head of the stairway about three feet square, immediately in front of a door opening into the living quarters of the top floor apartment. The entire stairway is partitioned off from the parlor floor apartment, the tenant of which testified, without contradiction, that she made no use of the stairway leading to the Schwartzenfeld apartment. On cross-examination she described the premises as " the ordinary, regular, two-family house."

On the evening of March 24, 1920, accompanied by another girl, named Rebecca Siegel, the infant plaintiff visited the Schwartzenfeld apartment. They arrived about five P. M. and remained about half an hour. On leaving, Miss Siegel proceeded down the stairway leading from the top floor to the first floor. It is the infant plaintiff's assertion that she was following Miss Siegel; that when she had proceeded down three steps from the top of the stairs, her foot caught in a loose rubber pad, causing her to fall to the bottom of the stairway.

The plaintiffs' witnesses allege that after the accident they found the rubber pad on the third step partly detached and hanging down. Later in the evening this rubber pad was removed. It was put in evidence on the trial by plaintiffs.

Defendant in her answer denied that she was in control of these

premises " except that the defendant admits that as owner she reserved to herself control of only the vestibule, the stoop, the doors leading from said vestibule to said stoop, and the stairway leading from the sidewalk to said stoop, which parts of the premises were used in common by all the tenants thereof."

The court submitted to the jury to be determined as a question of fact whether the defendant was in control of the stairway on which this accident happened. The evidence, from which the jury were permitted to find that the defendant was in control, consisted of evidence that the defendant employed a janitor upon the premises, and made certain repairs after the accident.

It appears from the testimony of plaintiffs' witness Schwartzenfeld that the duties of the janitor were as follows: " He took care of the steam, cleaned the snow off the sidewalk and the stoop; if we had any trouble with the snow on the roof, he cleaned that off, and that is all I can remember that he did. * * * We had some leaks in the house from the roof and he went up there to clean the snow away; that is the only repairs that I know of." The defendant admitted that she had such an employee, but testified as to his duties: " He make the steam and hot water. Q. That was in the basement? A. Yes. Q. And what did he clean off? A. The snow from the front. The Court: He was your janitor? The Witness: Yes." Neither from the fact that there was such an employee nor from his duties may it be inferred that defendant reserved control of this stairway.

With reference to the repairs, plaintiffs' witness Schwartzenfeld testified that after they moved into the house this alleged defective condition of the stair covering was observed; that the metal nosing on several steps projected, although no particular step was noticed; and that, in the presence of this witness, his father told said employee of defendant about this condition some three days after they moved in, a complaint also being made that the electric light on the top floor stairs did not burn very well. Such complaints and demands by the tenant did not establish defendant's control of the stairway.

The court permitted plaintiffs, over defendant's objection, followed by an exception duly taken, to show that, about one and a half months after the accident, the electric light was repaired by an electrician employed by defendant and that, at some time not specified, but after the accident, the stair covering was repaired by defendant.

It is now sought to justify the admission of this evidence of subsequent repairs upon the ground that it tended to prove control by the landlord. It is quite evident that it was not offered for any

such purpose, but in any event it does not prove or tend to prove such control. The control which plaintiff was required to establish was of the time of the accident, and not that of a later time. Furthermore, it may readily happen that an owner who is under no obligation to repair will do so for reasons of his own. It may be to avoid other accidents, to prevent further controversy or because of a tenant's failure to properly care for the premises, whose duty it was to remedy the condition which brought about the accident.

The evidence was not admissible for the purpose of showing control, and did not tend to prove control at the time the accident occurred. (*Margulies* v. *Beck,* 130 N. Y. Supp. 159; *Hopman* v. *Reinhardt,* 164 id. 676.)

As to the stairs in question, the plaintiffs' witness Schwartzenfeld, who lived in the top floor 'apartment, testified: " Q. So far as the cleaning down of this stairway where the accident happened took place, you or some member of your family took care of cleaning down this stairway, did they not? A. Yes, sir."

It also appears that the stairway and the apartment on the top floor were lighted by electric lights. Although the plaintiffs' witness Schwartzenfeld could not upon this trial remember, it appears from the testimony of the same witness upon the first trial that the electric light on the top floor stairs was connected with the meter of the tenant Schwartzenfeld; that the service to it was paid for by him, and that it was lighted each evening by whichever member of the Schwartzenfeld family came in first.

Appellant contends that the stairway was used exclusively by the tenant on the top floor, was not reserved by her and was not under her control as owner; that there is no testimony in the record upon which the jury were justified in finding to the contrary; and that, as a matter of law, the complaint should have been dismissed. We believe her contention is sustained by the authorities.

In *Kane* v. *Williams* (140 App. Div. 857) the court said: " So far as the evidence indicates, the front steps of the premises were in the possession and control of defendant's tenant, the defendant himself occupying the basement, and in the absence of evidence to the contrary the tenant would be responsible for the condition of the front steps and the railing." (See, also, *Finkelstein* v. *Schlanowsky,* 76 Misc. Rep. 500; *Murtha* v. *Ridley,* 196 App. Div. 61; *Walsh* v. *Frey,* 116 id. 527.)

It was conclusively established at the trial that the stairway to the upper apartment was part of the premises demised to Schwartzenfeld, and that it was not reserved by defendant. This

was not a tenement house. (See Tenement House Law, § 2, subd. 1, as amd. by Laws of 1917, chap. 806.) The theory of the action rests on alleged negligence. There was no duty imposed by law or statute on defendant to repair the place where the accident happened.

Under the circumstances the judgments and orders should be reversed, with costs, and the complaints dismissed, with costs.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

In each case: Judgment and order reversed, with costs, and complaint dismissed, with costs.