MARJORIE MULLIGAN, Respondent, *v.* NEW YORK UNIVERSITY, Appellant, and YOUNG MEN'S CHRISTIAN ASSOCIATION, Respondent.

First Department, May 3, 1938.

*William L. Shumate* of counsel [*Andrews, Baird & Shumate,* attorneys], for the appellant.

*John V. Downey* of counsel [*James B. M. Mc Nally* with him on the brief; *MacIntyre, Mc Nally & Downey,* attorneys], for the respondent Young Men's Christian Association.

TOWNLEY, J. In this action for personal injuries plaintiff recovered judgment against both defendants. The defendant Young Men's Christian Association paid the judgment and secured an order and judgment for contribution for half the damages against the codefendant New York University, which now claims that no case was established against it.

Plaintiff was injured by the falling of the ceiling in a building owned by the defendant New York University, and occupied by defendant Young Men's Christian Association. The plaintiff was an invitee in a restaurant in the basement of the building. Under the terms of the agreement between the parties, construing them most favorably to plaintiff, the defendant New York University agreed to be responsible for certain repairs to the building including the ceiling which fell. No control over the premises was reserved. This undertaking to make repairs created no liability in tort in favor of any person who might be injured by its breach. As was said by CARDOZO, Ch. J., in *Cullings* v. *Goetz* (256 N. Y. 287, 290): "By

preponderant opinion, occupation and control are not reserved through an agreement that the landlord will repair (*Cavalier* v. *Pope*, [1906] A. C. at 433; Pollock, Torts [13th ed.], 532; Salmond, Torts [7th ed.], 477). The tenant and no one else may keep visitors away till the danger is abated, or adapt the warning to the need. The landlord has at most a privilege to enter for the doing of the work, and at times not even that if the occupant protests. ' The power of control necessary to raise the duty * * * implies something more than the right or liability to repair the premises. It implies the power and the right to admit people to the premises and to exclude people from them ' (*Cavalier* v. *Pope*, [1906] A. C. 433)."

Plaintiff recognized that the essential preliminary to liability in this case is control of the premises. She offered as proof to establish such control the fact that after the accident New York University paid part of the cost of the repairs. This proof was received over objection and exception by such defendant. The court also charged the jury that such proof might be construed as evidence of control. This evidence was not probative of the issue of control and should not have been received. A similar situation was passed on by this court in *Kisten* v. *Koplowitch* (207 App. Div. 642). There, Mr. Justice, now Presiding Justice, MARTIN wrote as follows: " The control which plaintiff was required to establish was of the time of the accident, and not that of a later time. Furthermore, it may readily happen that an owner who is under no obligation to repair will do so for reasons of his own. It may be to avoid other accidents, to prevent further controversy or because of a tenant's failure to properly care for the premises, whose duty it was to remedy the condition which brought about the accident.

" The evidence was not admissible for the purpose of showing control, and did not tend to prove control at the time the accident occurred. (*Margulies* v. *Beck*, 130 N. Y. Supp. 159; *Hopman* v. *Reinhardt*, 164 id. 676.)"

The errors involved in the receipt of this evidence and the court's charge based on it were so substantial as to require a reversal of the judgment for the plaintiff. We think, however, that not only was this proof insufficient to establish control of the premises but that there was no evidence whatever proving control by the defendant New York University, and that the complaint must be dismissed as to it.

The order of November 12, 1937, should be reversed, the motion denied and the judgment entered thereon vacated.

MARTIN, P. J., O'MALLEY, UNTERMYER and COHN, JJ., concur.

Judgment entered October 1, 1937, in so far as it is against defendant New York University, unanimously reversed, and the complaint dismissed as to said defendant; the order entered November 12, 1937, unanimously reversed, the motion for contribution denied, and the judgment entered on said order vacated, with costs of this appeal to the appellant against the defendant-respondent.